IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.

UNITED STATES OF AMERICA,               )
                                        )
                Plaintiff,              )
                                        )
v.                                      )          COMPLAINT
                                        )
JAAAT TECHNICAL SERVICES, LLC,          )
SAFECO INSURANCE COMPANY OF             )
AMERICA, AND TETRA TECH TESORO, INC.)
                                        )
                Defendants.             )


     The United States of America, by and through the United

States Attorney for the Eastern District of North Carolina,

hereby files this Complaint and says as follows:

     1.   The Plaintiff is the United States of America.

     2.   This is an action for declaratory judgment and also in

the nature of interpleader.

     3.   This Court has jurisdiction pursuant to 28 U.S.C. §

1345 and 28 U.S.C. § 1335.

     4.   Pursuant to 28 U.S.C. § 2361 and Rule 65 of the Federal

Rules of Civil Procedure, this Court may issue orders to parties

in this action, restraining them from taking action to affect

the property in question.

     5.   This lawsuit involves contracts entered into between

the Army Corps of Engineers and JAAAT Technical Services, LLC (herein "JAAAT").

6. At least one of the contracts at issue was entered into in the Eastern District of North Carolina. All or virtually all of the work to be done in connection with the contracts is in the Eastern District of North Carolina.

7. The defendants in this action are the prime contractor (JAAAT), the Payment Bond Obligor (Safeco Insurance Company of America), and a former sub-contractor who has sued JAAAT (Tetra Tech Tesoro) all of whom have or may have an interest in the proceeds of payment for work performed by subcontractors on these contracts in the Eastern District of North Carolina.

8. Venue is appropriate in the Eastern District of North Carolina.

9. Defendant JAAAT Technical Services, LLC (JAAAT) is a Limited Liability Company organized under the laws of Virginia, whose principle office is located at 609 Elm Court, Hopewell, Virginia, and whose agent for service of process in connection with this case is S. Sadiq Gill, Durrette Crump PLC, 1111 East Main Street, 16th Floor, Richmond, VA, 23219.

10. Defendant Tetra Tech Tesoro, Inc. (herein "Tetra Tech Tesoro") is a corporation organized under the laws of Virginia, whose principle office is located at 5250 Challedon Drive, Virginia Beach, Virginia and whose registered agent is CT

Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, N.C. 27601-2957.

**11.** Defendant SAFECO Insurance Company of America is a corporation organized under the laws of New Hampshire, whose principle office is located in Boston, Massachusetts. Its agent for purpose of service of process in connection with this case is Andrew W. Torrance, Senior Surety Counsel, Liberty Mutual Surety, P.O. Box 34670, Seattle, WA 98124-1670.

**FACTS**

12. Paragraphs 1 - 11 are hereby re-alleged as if fully set out herein.

13. The Corps of Engineers entered into the following contracts with Defendant JAAAT (collectively, "the Contracts"):

    a. Contract Number W912HN-10-D-0063, DQ01X, SOF Brigade Headquarters Facility,

    b. Contract Number W912HN-10-D-0063-001 AFSOC Training Facility, Ft Bragg, North Carolina

    c. Contract Number W912HN-10-D-0063-003 Flight Simulator, Pope AAF, North Carolina

14. The Corps of Engineers also entered into two additional contracts with JAAAT, for work to be done in Georgia. However, those contracts are not the subject of this lawsuit at this time.

15. Under the Contracts, and also pursuant to the Prompt

Pay Act (31 U.S.C. § 3901, et seq.) and the Federal Acquisition Regulations (FAR), specifically FAR provision 52.232-27, JAAAT is obligated to pay all of its subcontractors promptly from the proceeds of each pay request submitted to the Corps of Engineers.

16. Upon information and belief, JAAAT has not consistently paid all of its subcontractors in accordance with said requirements.

17. There are several lawsuits pending in which the defendants in this lawsuit have alleged conflicting facts concerning contract performance, payment of subcontractors and breaches of contract in connection with the Contracts at issue in this lawsuit. In particular the following lawsuits (herein the "State Court Lawsuits") have made such allegations:

      a. Tetra Tech Tesoro, Inc. v. JAAAT Technical Services, LLC, et. al., In the Court of General Justice, Superior Court Division, State of North Carolina, County of Cumberland, File Number 14-CVS-8787

      b. Tetra Tech Tesoro, Inc. v. JAAAT Technical Services, LLC, et. al., In the Court of General Justice, Superior Court Division, State of North Carolina, County of Cumberland, File Number 14-CVS-8791

c. Tetra Tech Tesoro, Inc. v. JAAAT Technical Services, LLC, et. al., In the Court of General Justice, Superior Court Division, State of North Carolina, County of Cumberland, File Number 14-CVS-8792

d. Tetra Tech Tesoro, Inc. v. JAAAT Technical Services, LLC, Rickey B. Barnhill, and Eddie Cummings, Civ. Act. No. 14-RCCV-712 (Richmond County Superior Court of Georgia)

e. Tetra Tech Tesoro, Inc. v. JAAAT Technical Services, LLC, Rickey B. Barnhill, and Eddie Cummings, Civ. Act. No. 14-CV-131 (Chattahoochee County Superior Court of Georgia)

18. Three of these State Court Lawsuits were consolidated in the Superior Court in Cumberland County, North Carolina for purposes of entering a preliminary injunction (attached hereto as Exhibit A, herein the "State Court Injunction") on behalf of Tetra Tech against JAAAT, prohibiting JAAAT from using any of the funds from three of the Contracts to pay its current subcontractors, and requiring JAAAT to hold all such moneys in escrow, pending further orders of the State Court. The United States is not a party to any of the State Court Lawsuits.

19. In addition, there are two Federal Court lawsuits

involved with contracts between the Corps of Engineers and JAAAT:

    a. SAFECO Insurance Company of America v. JAAAT Technical Services, LLC, v. Tetra Tech Tesoro, Inc., In the United States District Court for the Eastern District of Virginia, Richmond Division, Case Number 3:15-CV-00019 JAG

    b. Liberty Mutual Insurance Company and SAFECO Insurance Company v. Tetra Tech, Inc., In the United States District Court for the Central District of California, Case Number 2:15-CV-3386

20.   The United States District Court for the Eastern District of Virginia entered an Order (attached hereto as Exhibit B – herein the "EDVA Order") upon the consent of JAAAT and Safeco, ordering disbursement of the funds from the Contracts in accordance with that order and contrary to the State Court Injunction. The United States is not a party to that litigation.

21.   The United States has an interest in seeing that all payments to subcontractors and suppliers are made pursuant to the Contracts.

22.   Safeco also has an interest in seeing that all

payments to subcontractors and suppliers are made pursuant to the Contracts, since it has outstanding payment and performance bonds in connection with the Contracts; thus, Safeco is an indispensable party to this lawsuit.

23.  The State Court Injunction is in conflict with Federal Law, and would cause irreparable harm to the United States, as set out more fully in the Declaration of Danny Kissam, Contracting Officer for one of the Contracts (attached hereto as Exhibit C).

24.  JAAAT submits pay request, approximately once a month, under each of the Contracts

25.  The monthly pay requests each indicate the amounts that should be paid to each subcontractor or supplier.

26.  JAAAT cannot comply with both Federal Law (as set out above and in the Declaration of Danny Kissam) and the State Court Injunction.

27.  The defendants in this action have all claimed an interest in the funds to be paid by the Corps of Engineers in connection with the Contracts.  JAAAT has a contractual right to the funds.  Safeco, in connection with the EDVA Order, claims a right to approve of the distribution of the funds.  And Tetra Tech Tesoro, in connection with the State Court Injunction, claims a right to the funds.  The claims of Tetra Tech Tesoro are adverse to the claims of JAAAT and Safeco.

28.    The Corps of Engineers proposes to deposit with this
Court, on no more than a monthly basis for each contract, the
amounts approved by the Corps of Engineers for payment under
each of the Contracts, for disbursement by the court in
accordance with the federal contracts, federal law, and the
required sworn JAAAT certifications.    The Corps of Engineers
proposes that this procedure be continued until such time as
either the parties resolve this matter through settlement or
until the State Court Injunction is modified to avoid the
conflict with Federal Law and the EDVA Order.

29.    The Corps of Engineers contends that the
subcontractors and suppliers are entitled to be paid in the
amounts approved each month from the funds deposited with this
Court.

30.    The Corps of Engineers has a compelling interest to
ensure that the current subcontractors and suppliers on these
contracts are paid, so that the Contracts may be completed.

31.    The Corps of Engineers anticipates that in one or more
of the Contracts, there will be additional pay requests made by
JAAAT, and that unless and until the State Court Injunction is
modified or set aside, the Corps of Engineers will need this
Court to direct the proper payments of such payments in a
similar manner as requested below.

32.    It is also anticipated that, because of federal

8

liquidated damages being withheld for lack of progress, JAAAT may be required at some future point to provide additional payments into the court to assure payment to subcontractors.

**REQUESTS FOR RELIEF**

Based on the above, the United States asks for the following relief:

1. That this Court issue a Declaratory Judgment holding that notwithstanding the State Court Injunction, JAAAT is required to pay all current subcontractors for the work done in connection with each pay request on the Contracts.

2. That this Court enter a Temporary Restraining Order (TRO) and Preliminary Injunction, authorizing the Corps of Engineers to deposit with the Court, not more often than monthly for each of the Contracts, the money that would otherwise be paid to JAAAT.

3. That this Court's TRO and Preliminary Injunction also instruct the Corps of Engineers to notify the defendants, simultaneously with depositing the money with the Court, the identity of each of the subcontractors and suppliers to whom it believes money should be sent, and the amount that it believes should be paid to each of them.

4. That this Court's order also instruct the Clerk to disburse the money deposited with this Court to the respective subcontractors and suppliers identified in each pay request

9

within seven (7) days of the deposit of the money, unless before that date a party to this lawsuit has filed an objection with the Court with sufficient detail so that the basis for the objection can be readily determined.

5. That this Court's order instruct the Clerk to disburse any remaining funds to JAAAT (or, upon notice by Safeco that an escrow agent or 3rd party money manager has been appointed pursuant to the EDVA Order, to that escrow agent or 3rd party money manager), to be held consistent with the EDVA Order.

6. That this Court's order acknowledge that if any money is left after complying with the terms of this Court's Order and the EDVA Order, that such money shall be subject to the State Court Injunction.

7. That this Court's TRO and Preliminary (and Permanent) Injunction prohibit Tetra Tech Tesoro or any of the other Defendants from taking any action which would have the effect of interfering with funds given to JAAAT by the Corps of Engineers in connection with the Contracts, to the extent such funds are necessary to pay the current subcontractors or suppliers as required by Federal Law.

8. That this Court's TRO and Preliminary (and Permanent) injunction prohibit Tetra Tech Tesoro from attempting to enforce the State Court Injunction in any way that would interfere with

JAAAT paying its current subcontractors or suppliers in compliance with Federal Law.

9.  For such other relief as this Court may deem appropriate that is consistent with Federal Law.

Respectfully submitted this 28th day of May, 2015.

THOMAS G. WALKER
United States Attorney


BY:   /s/ G. NORMAN ACKER, III
      G. NORMAN ACKER, III
Attorney for Plaintiff
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4049
Facsimile: (919) 856-4821
E-mail: Norman.Acker@usdoj.gov
NC Bar #12839